UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

KEITH FAGAN,
          Plaintiff

-against-

THE STATE OF NEW YORK;
RICHARD BROWN, District Attorney,
Queens County; JANE DOE, Assistant
District Attorney, Queens County;
DENISE O'DONNELL, Commissioner,
Division of Criminal Justice Services,

          Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
08-CV-739 (BMC)

COGAN, United States District Judge:

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. Plaintiff's claims discussed below are dismissed. However, plaintiff is granted thirty (30) days from the date of this order to replead his complaint.

## BACKGROUND

Plaintiff alleges that on October 23, 1980, he pled guilty to a charge of sodomy in the first degree. As a result, plaintiff was sentenced to a term of five to fifteen years of imprisonment, and paroled in October 1987.[1] Plaintiff further alleges that as part of his plea agreement the conviction was sealed. On November 22, 1999, plaintiff appeared at a sex offender registration hearing, where defendant Jane Doe, Assistant District Attorney, appeared and "had [plaintiff's] records on the table in front of her, [and] stenciled in big bold letters were the words sealed."

---

[1] http://nysdocslookup.docs.state.ny.us.

Plaintiff alleges that at this hearing he was designated a level three sex offender.[2] On March 30, 2005, plaintiff appeared at another sex offender registration hearing, and at that time, Jane Doe reported that all of plaintiff's records were lost.

Plaintiff alleges that his criminal records were never sealed as promised, and as a result his conviction shows up when prospective employers do a background search. Moreover, plaintiff states that the sex offender registry indicates that he raped three women, notwithstanding the fact that he plead guilty to sodomy only.[3] Plaintiff seeks to seal his 1980 conviction, remove his name from the sex offender registry, and recover monetary damages.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980) (internal quotation omitted); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the

---

[2] The Sex Offender Registration Act requires the Board of Examiners of Sex Offenders to "develop guidelines and procedures to assess the risk of a repeat offense by [a] sex offender and the threat posed to the public safety." N.Y. Correction Law § 168- *l*(5). There are three levels of risk depending upon the offender's danger to the community: level 1 (low risk), level 2 (moderate risk), and level 3 (high risk).

[3] A review of the New York State sex offender registry indicates that plaintiff was convicted of sodomy in the first degree. The registry does not indicate that plaintiff was convicted of rape. See http://criminaljustice.state.ny.us/nsor/search_index.htm.

product of delusion or fantasy." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

## DISCUSSION

### State of New York

The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens against a state absent Congressional abrogation of sovereign immunity or a State's consent to suit. See Seminole Tribe of Fla.. v. Fla., 517 U.S. 44, 116 S.Ct. 1114 (1996). Plaintiff's claims against New York State are barred by the Eleventh Amendment, as Congress has not abrogated state sovereign immunity, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989), nor has New York waived its Eleventh Amendment immunity to suits in federal court, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35 (2d Cir. 1977). Thus, plaintiff may not maintain an action against New York State under 42 U.S.C. § 1983.

### Richard Brown and Denise O'Donnell

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991)). Personal involvement of a supervisory official in a § 1983 violation may be established by showing that: (1) the official participated directly in the violation; (2) the official, after learning of the violation through a report or appeal, failed to remedy the wrong; (3) the official created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the official was grossly negligent in supervising subordinates who caused the unlawful condition or event; or (5) the official exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that

unconstitutional acts were occurring. Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107 (2d Cir. 2004) (citing Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995)); Washington v. Kelly, 03 Civ. 4638, 2004 WL 830084 (S.D.N.Y. Apr. 13, 2004).

Here, plaintiff alleges that Richard Brown and Denise O'Donnell are "culpable of violating a Court order which originally sealed my conviction." Plaintiff's complaint fails to allege facts demonstrating that Richard Brown or Denise O'Donnell had any personal involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights.

### Jane Doe, Assistant District Attorney

Under the doctrine of absolute immunity, a prosecutor cannot be liable in § 1983 suits for damages when acting within the scope of official prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976); Schmueli v. City of N.Y., 424 F.3d 231 (2d Cir. 2005). Initiating a prosecution and presenting the Government's case are activities "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430; 96 S.Ct. at 995. Consequently, absolute immunity applies to these prosecutorial duties with full force. Id. A prosecutor is protected by absolute immunity even if he commences and continues a prosecution purely on the basis of retaliation, knowingly uses perjured testimony or deliberately withholds exculpatory information. Schmueli, 424 F.3d 231. However, a prosecutor does not qualify for absolute immunity where he or she acts outside his or her role as an advocate, or clearly outside any colorable claim of authority. See Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606 (1993).

Here, there is no indication that Jane Doe acted outside the scope of her employment.

Moreover, plaintiff's allegation against Jane Doe, that she violated "a Court order which originally sealed [plaintiff's] conviction," stems from the initial sex offender registration hearing that took place in 1999. That claim appears to be time-barred. See, e.g., Pearl v. City of Long Beach, 296 F.3d 76 (2d Cir. 2002) (citing Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573 (1989)).

**Due Process**

The Due Process Clause embodied in both the 14th Amendment and the New York State Constitution provides that no person shall be deprived of life, liberty or property without due process of law. U.S. Const., 14 Amend., § 1; N.Y. Const. art. I, § 6. The Due Process Clause of the Fourteenth Amendment requires that, generally, a person must be afforded the opportunity for a hearing prior to being deprived of a constitutionally protected liberty or property interest. Bd. of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701 (1972). Analysis of a procedural due process claim consists of two questions: the first asks whether there exists a liberty or property interest that has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient. Shakur v. Selsky, 391 F.3d 106 (2d Cir. 2004) (citing Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 109 S.Ct. 1904 (1989)).

Generally, the courts have held that while one's good name and standing, as well as the interest in protecting that reputation, may constitute a protected liberty interest, Wis. v. Constantineau, 400 U.S. 433, 91 S.Ct. 507 (1971), there must, in addition, be some other tangible element in order to raise the damage to one's reputation to the level of a protected liberty interest. Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155 (1976). This "stigma plus" test is required to establish a constitutional deprivation. See Valmonte v. Bane, 18 F.3d 992 (2d Cir. 1994); Neu v. Corcoran, 869 F.2d 662 (2d Cir. 1989).

In 1999, following a ruling in the Southern District of New York that the Sex Offenders Registry Act's ("SORA") original procedures for determining risk levels violated sex offenders' procedural due process rights,[4] the New York legislature amended SORA to incorporate the procedural due process protections required by that district court ruling. Doe v. Pataki, 481 F.3d 69 (2d Cir. 2007). Among the procedural due process rights currently afforded by SORA are the following rights: (1) the right to a judicial determination of the convicted sex offender's risk level classification; (2) the right to notice of the classification proceeding sufficiently in advance of the hearing to prepare a challenge; (3) the right to notice of the proceeding which includes a statement of its purpose and the Board's recommended risk level classification; (4) the right to be represented by counsel; (5) the right to prehearing discovery; (6) the right that the state prove each risk factor by clear and convincing evidence; and (7) a right to appeal. See N.Y. Correct. Law § 168-n(3); Doe v. Pataki, 3 F.Supp.2d 456; People v. Black, 823 N.Y.S.2d 485, 33 A.D.3d 981 (2d Dep't 2006).

Here, to the extent that plaintiff asserts a due process challenge based upon incorrect information and/or an improper classification being placed on the sex offender registry, it is unclear what, if any, process plaintiff claims he was denied.

**Additional Relief**

In addition, plaintiff asks this Court to seal his 1980 state criminal conviction, and remove his name from the sex offender registration. This Court is without jurisdiction to do so; plaintiff's recourse lies within the state court system.

---

[4] See Doe v. Pataki, 3 F.Supp.2d 456 (S.D.N.Y. 1998).

## CONCLUSION

Accordingly, it is hereby ordered that plaintiff's claims against all named defendants are dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915 (e)(2)(b)(ii).

In an abundance of caution, and in deference to plaintiff's *pro se* status, the Court grants plaintiff thirty days to amend his complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff file an amended complaint, he must provide factual allegation to support a due process claim. Plaintiff's amended complaint must name proper defendants and must also name those defendants in the caption of his amended complaint. Furthermore, plaintiff must set forth the legal basis and factual allegations to support his claims against each defendant, and the relief he is seeking with respect thereto. If plaintiff fails to comply with this order within the time allowed, judgment shall be entered.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. U.S., 369 U.S. 438, 82 S.Ct. 917 (1962).

SO ORDERED.

/Signed by Judge Brian M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
June 9, 2008